

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 3:17-cr-214-J-20JBT

   18 U.S.C. §§ 1512(c) & 2
KEANDRE TESHUN WILLIAMS   18 U.S.C. § 1001

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

On or about October 12, 2017, in the Middle District of Florida, the defendant,

KEANDRE TESHUN WILLIAMS,

did corruptly conceal an object, and attempt to do so, with the intent to impair the object's integrity and availability for use in an official proceeding, and aid and abet the same, and corruptly otherwise obstruct and impede an official proceeding, and attempt to do so, and aid and abet the same, the official proceeding being a Federal grand jury investigation being conducted by the Jacksonville Division of the Middle District of Florida, by removing and

concealing objects constituting evidence of federal crimes from room 321 of the Hometown Inn and Suites, and attempting to do so, and aiding and abetting the same.

In violation of 18 U.S.C. §§ 1512(c) & 2.

## COUNT TWO

On or about October 13, 2017, in the Middle District of Florida, the defendant,

**KEANDRE TESHUN WILLIAMS,**

did knowingly and willfully make false, fictitious, and fraudulent material statements and representations in a matter within the jurisdiction of the Bureau of Alcohol, Tobacco, Firearms, and Explosives, an agency of the United States, by stating that she had not entered room 321 of the Hometown Inn and Suites and had not removed anything from the room, statements which the defendant then knew to be false, fictitious, and fraudulent.

All in violation of 18 U.S.C. § 1001.

## FORFEITURE

1.  The allegations contained in Count One are incorporated by reference for the purpose of alleging forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2. Upon conviction of a violation of 18 U.S.C. § 1512, the defendant, KEANDRE TESHUN WILLIAMS, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. 2461(c).

A TRUE BILL,

*Michelle E. Smith*
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: *Laura Cofer Taylor*
LAURA COFER TAYLOR
Assistant United States Attorney

By: *Frank M. Talbot*
Frank M. Talbot
Assistant United States Attorney
Chief, Jacksonville Division

4

FORM OBD-34
10/30/17 Revised

No. _____

# UNITED STATES DISTRICT COURT
Middle District of Florida
Jacksonville Division

THE UNITED STATES OF AMERICA

vs.

KEANDRE TESHUN WILLIAMS

## INDICTMENT

Violations:  Ct. 1: 18 U.S.C. §§ 1512(c) and 2
Ct. 2: 18 U.S.C. § 1001

A true bill,

_____
Foreperson

Filed in open court this __1st__ day

of November, 2017.

_____
Deputy Clerk

Bail   $_____

GPO 863 525